People v Lucca (2018 NY Slip Op 06486)





People v Lucca


2018 NY Slip Op 06486


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7200 1600/13

[*1]The People of the State of New York, Respondent,
v
Joel Lucca, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered April 19, 2016, convicting defendant, after a jury trial, of five counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question, which were based on concerns that the panelists might have unfavorable attitudes toward law enforcement, were not pretextual. This finding is entitled to great deference (see People v Hecker, 15 NY3d 625, 656-657 [2010]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Defendant failed to preserve his claim of disparate treatment by the prosecutor of similarly situated panelists (see People v Cunningham, 21 AD3d 746, 748-749 [1st Dept 2005], lv dismissed 6 NY3d 775 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that it is not supported by the record.
Defendant did not preserve his claim that counterfeit spectator tickets fall outside the scope of Penal Law 170.10(1), and we decline to review it in the interest of justice.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK